IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Action No. 16-cr-00599-LKG |
| ) | |
| DARRYL MICHAEL FRANKLIN, ) | Dated: May 9, 2025 |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER ON
DEFENDANT'S MOTION TO REDUCE SENTENCE**

**I.   INTRODUCTION**

The Defendant *pro se*, Darryl Michael Franklin, has filed a motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. ECF No. 346. The motion is fully briefed. ECF Nos. 346 and 362. No hearing is necessary to resolve this motion. *See* L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court **DENIES** the Defendant's motion.

**II.   BACKGROUND AND PROCEDURAL HISTORY[1]**

The Defendant *pro se*, Darryl Michael Franklin, is currently serving a 360-month[2] sentence of imprisonment after having been convicted of conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count 1), and felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count 2). ECF No. 147.

As background, on December 14, 2016, a Federal Grand Jury returned an indictment against Mr. Franklin, charging him with conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846. ECF No. 1. Thereafter, the parties entered into a Plea Agreement, whereby Mr. Franklin agreed to plead guilty to a

---

[1] The facts recited in this memorandum opinion are taken from the Defendant's motion for reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, the Government's response in opposition thereto, and the memorandum in support thereof. ECF Nos. 346 and 362.

[2] 240-months imprisonment for Count 1 and 120-months imprisonment for Count 2, to be served concurrently. *See* ECF No. 147.

Superseding Information, which charged him with conspiracy to distribute and possess with intent to distribute controlled substances (Count One), and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Two). ECF No. 116. The Government also agreed to recommend a reasonable sentence and to dismiss the original Indictment as to Mr. Franklin. ECF No. 116. On, June 2, 2017, Mr. Franklin pleaded guilty to conspiracy to distribute and possess with intent to distribute controlled substances (Count 1), and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 2). ECF No. 115.

The Presentence Investigation Report ("PSR") states, and the parties agreed, that Counts 1 and 2 group and that the base offense level for Mr. Franklin's offenses is 32. ECF No. 127 at ¶ 25; ECF No. 116 at 4. This base offense level is then increased by two, because Mr. Franklin possessed a dangerous weapon. ECF No. 127 at ¶ 26. In addition, the PSR provides that the adjusted offense level is increased by two, because Mr. Franklin received an aggravating role adjustment. *Id.* at ¶ 27. The PSR further provides that the adjusted offense level is further increased by three, because Mr. Franklin was a manger or supervisor in the offense, resulting in a total offense level of 39. *Id.* at ¶¶ 29 and 31.

Relevant to the pending motion, the PSR also provides that Mr. Franklin is a Career Offender, because he has two prior felony convictions involving a controlled substance offense. *Id.* at ¶ 32. The PSR also provides that the offense level for a Career Offender is 37. *Id.* at ¶ 32; *see also* U.S.S.G. § 4B1.1(b)(1). Because the offense level of 37 is less than the adjusted offense level for Count 1 (39), the PSR further provides that Mr. Franklin's adjusted offense level remains 39. *Id.* at ¶ 32.

Lastly, the PSR provides states that the adjusted offense level is decreased by three points, for acceptance of responsibility and assisting authorities in the investigation or prosecution of Mr. Franklin's own misconduct. *Id.* at ¶¶ 33 and 34. And so, the PSR provides that Mr. Franklin's total offense level is 36, his criminal history score is 8 and his criminal history category is Category VI, because the criminal history category for a Career Offender in every case is VI. *Id.* at ¶¶ 35, 43 and 44. And so, the PSR concludes that this sentencing information results in a Sentencing Guidelines

range of 324-405 months imprisonment for Count 1 and 120 months imprisonment for Count 2.[3] *Id.* at ¶¶ 35 and 72.

On November 6, 2017, the Court held a sentencing hearing. ECF No. 143. During the sentencing hearing, the Court adopted the Sentencing Guidelines calculations contained in the PSR. *Id.*; ECF No. 362. And so, the Court sentenced the Defendant to 240-months imprisonment for Count 1 and 120-months imprisonment for Count 2, to be served concurrently, and followed by a term of five years of supervised release for Count 1 and three years for Count 2, to run concurrently. ECF No. 147 at 2-3.

On November 3, 2023, Mr. Franklin filed the pending *pro se* motion to reduce sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. ECF No. 346. The Government filed a response in opposition to this motion on March 25, 2025. ECF No. 263.

The Defendant's motion to reduce sentence having been fully briefed, the Court resolves the pending motion.

## III.    LEGAL STANDARDS

### A.    Motions To Reduce Sentence

Generally, once imposed by the Court, a federal sentence must remain "final" and undisturbed. 18 U.S.C. § 3582(b). But, Congress has created a narrow exception to this general rule for circumstances where the U.S. Sentencing Commission retroactively amends the applicable guidelines. In this regard, the Court may reduce a sentence after it has been imposed, where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). And so, the Court may reduce such a sentence, "after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The United States Court of Appeals for the Fourth Circuit has held that the Court must employ a two-step approach in considering Section 3582(c)(2) motions. First, the Court must determine the defendant's eligibility. "Section 3582(c)(2) permits a reduction only if (1) the

---

[3] The PSR also provides that there is a mandatory minimum sentence of 10 years imprisonment and a maximum term of life imprisonment for Count 1 and a maximum term of imprisonment of 10 years for Count 2. ECF No. 127 at ¶ 71.

3

defendant's term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and (2) the reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016) (internal quotations and citations omitted). Second, the Court may grant the authorized reduction after considering the factors set forth in Section 3553(a), to the extent that they are applicable. *Id.* And so, "[t]he ultimate decision of '[w]hether to reduce a sentence and to what extent is committed to the district court's discretion." *Id.* (citations omitted).[4]

### B. Amendment 821

Relevant to the pending motion, Amendment 821 to the United States Sentencing Guidelines changed the application of the Sentencing Guidelines with respect to certain offenders who either: (a) earned criminal history "status points" based on commission of an offense while serving a criminal justice sentence, or (b) presented zero criminal history points at the time of sentencing. *See* U.S.S.G. amend. 821. Specifically, Part A of this amendment amends Section 4A1.1 of the Sentencing Guidelines to strike the two status points previously assessed under Section 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release or escape status. *Id.* at Part A. In addition, Part A adds a new subsection (e), that adds one criminal-history point instead of two points for any defendant who receives seven or more points and who committed his offense while under any criminal-justice sentence as described above. *Id.*

### IV.   ANALYSIS

Mr. Franklin has moved to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, upon the grounds that he is eligible for a one status point reduction under Part A

---

[4] A reduction in sentence must also be consistent with the applicable policy statements issued by the Sentencing Commission. Relevant to the pending motion, one such policy statement provides that: "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—(A) none of the amendments listed in subsection (d) is applicable to the defendant; or (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2); *United States v. Dunphy*, 551 F.3d 247, 252 (4th Cir. 2009) ("In providing that sentencing reductions must be consistent with applicable policy statements, § 3582(c)(2) thus creates a jurisdictional bar to reducing sentences below the range authorized by the Commission.").

of Amendment 821.  ECF No. 346.  Specifically, Mr. Franklin argues that his sentence would be lower if he were sentenced today, because he received a two-status points increase to his criminal history score at the time of his sentencing and these status points should be reduced to one point under Amendment 821.  *Id*. at 1-3.  And so, Mr. Franklin requests that the Court reduce his sentence. *Id*. at 3.

 The Government counters that Mr. Franklin is not eligible for a sentence reduction under Amendment 821, because he is a Career Offender.   ECF No. 362 at 3.  And so, the Government requests that the Court deny Mr. Franklin's motion.  *Id.* at 3-4.

For the reasons that follow, the Court agrees with the Government that Mr. Franklin is not eligible for a sentence reduction under Amendment 821.  And so, the Court DENIES the Defendant's motion to reduce sentence.

### A.     The Defendant Is Not Eligible For A Sentence Reduction Under Part A

As an initial matter, Mr. Franklin has not met his burden to show that he is eligible for a reduction of his sentence under Part A of Amendment 821.  Under Part A of Amendment 821, a defendant with seven or more criminal history points will now receive one status point increase, rather than an increase of two status points.  *See* U.S.S.G. amend. 821 at Part A.  When this amendment is applied to Mr. Franklin's sentence in this case, Mr. Franklin's criminal history score becomes 7, rather than the criminal history score of 8 that was determined by the Court during his sentencing hearing.  ECF No. 127 at ¶¶ 43-44; ECF No. 147.

This change does not, however, warrant a reduction of Mr. Franklin's sentence because he has been determined by the Court to be a Career Offender under the Sentencing Guidelines.  ECF No. 127 at ¶¶ 32 and 44.  As the PSR explains, the Career Offender designation carries an automatic assignment to criminal history Category VI.  ECF No. 127 ¶ 44.  Given this, Mr. Franklin's criminal history category is not affected, or lowered, by Amendment 821.  U.S.S.G., Ch. 5, Pt. A – Comment. to Sent'g Table, ¶ 3 ("The Criminal History Category is determined by the total criminal history points from Chapter Four, Part A, except as provided by in § 4B1.1 (Career Offender).").

For theses reasons, the Sentencing Guidelines range for Mr. Franklin does not change upon the  application of Part A of Amendment 821 to his sentence.  And so, Mr. Franklin is not eligible for reduction of his sentence.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Defendant's motion to reduce sentence. (ECF No. 346.)

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge
